UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW JACHIM,

    Plaintiff,

v.                                    Case No. 1:12-CV-322

COMMISSIONER OF                   HON. GORDON J. QUIST
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Matthew Jachim, has filed an Objection to Magistrate Judge Ellen Carmody's September 3, 2013 Report and Recommendation (R & R), recommending that this Court affirm the Commissioner of Social Security's decision denying Plaintiff's claim for Disability Insurance Benefits. In her R & R, the magistrate judge rejected Plaintiff's argument that the administrative law judge (ALJ) failed to accord sufficient weight to the opinion of Plaintiff's treating physician, Dr. Graziano, that Plaintiff would be limited in pace and concentration and would likely miss three or more days of work and be tardy to work three or more times per month. (R & R at 15.) The magistrate judge concluded that the ALJ gave good reasons, supported by substantial evidence, for giving Dr. Graziano's opinion less than full weight, including that Plaintiff himself reported that his back surgery was quite successful in alleviating his back pain, and there is no medical evidence in the record to support Dr. Graziano's December 2010 opinions that Plaintiff would have serious limitations in pace and concentration and would likely miss work or be tardy to work several times per month.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objection, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objection and adopt the R & R as the opinion of the Court.

Plaintiff contends that the ALJ erred by failing to give Dr. Graziano's opinion controlling weight and discrediting his opinion. An ALJ must give a treating physician's opinion "controlling weight" if it is consistent with the evidence in the record and supported by sufficient clinical findings. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). An ALJ may discount a treating physician's opinion if it is contrary to substantial medical evidence. *Id.* When the opinion of a treating source is not given "controlling weight," the ALJ must balance certain factors in determining what weight to give the opinion, including the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The ALJ must give "good reasons" for the weight he gives the treating source's medical opinion. 20 C.F.R. § 404.1527(d)(2). The purposes of this requirement are to provide a claimant with an explanation for why she is deemed not disabled—when her physicians may have told her otherwise—and to "ensure[] that the ALJ applies the treating physician rule and permit[] meaningful appellate review of the ALJ's application of the rule." *Id.* Although an ALJ's explanation "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight," SSR 96–2p, 1996 WL 374188, at *5 (1996), an ALJ is not required to explicitly discuss each factor. *See, e.g.*, *Francis v. Comm'r of Soc.*

*Sec.*, 414 Fed. App'x 802, 804 (6th Cir. Mar. 16, 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis"); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ([Plaintiff] cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion.").

After carefully reviewing the administrative record, the Court concurs with the magistrate judge that the ALJ articulated good reasons, supported by substantial evidence, for according Dr. Graziano's opinions less than controlling weight. Plaintiff contends that the magistrate judge erred in concluding that the ALJ's decision was supported by substantial evidence because Dr. Graziano opined on October 30, 2009 that Plaintiff would likely miss three or more days of work and/or be tardy three or more days per month. However, such opinion preceded Plaintiff's December 17, 2009 back surgery, which, the ALJ noted, resulted in significant improvement of Plaintiff's back pain and overall physical condition. (Tr. at 29, Page ID 48.) Moreover, as the ALJ and the magistrate judge observed, Plaintiff reported post-surgery that his pain was significantly reduced and his symptoms had improved, and Dr. Graziano's findings reflected substantial improvement. For example, on January 29, 2010, Plaintiff reported that "all the pain he had prior to surgery is gone and now he mostly has discomfort and an ache in the low back," and was interested in "weaning down on his narcotics." (Tr. at 369, Page ID 302.) On March 23, 2010, Plaintiff stated that he "no longer ha[d] referral symptoms or stabbing pain," (Tr. at 364, Page ID 297), and one month later, on April 22, 2010, "report[ed] that his back feels very good and he likes all of his exercises." (Tr. at 371, Page ID 304.) Similarly, during an examination on June 18, 2010, Plaintiff reported to Dr. Graziano that his pain had "improved by 60-70%," he had no pain, numbness, tingling or weakness

in his legs, and was "pleased with the results of surgery." (Tr. at 375, Page ID 308.) On examination, Dr. Graziano reported that the incisions were well healed, no tenderness to palpation, and full muscular strength, and intact sensation. (*Id.*) Dr. Graziano's December 12, 2010 examination of Plaintiff reported similar findings. (Tr. 377, Page ID 310.)

Plaintiff also contends that the ALJ and the magistrate judge erred by failing to consider that Dr. Graziano's recommendation that Plaintiff continue to exercise, including using a stationary bicycle and elliptical trainer, walking, and swimming, was limited to "low-impact" exercise to continue Plaintiff's post-surgery improvement. The Court disagrees. Nothing in the ALJ's decision indicates that he interpreted Dr. Graziano's recommendation as specifying anything other than low-impact exercise. The ALJ's point was that such exercise was consistent with an ability to perform various work activities within Plaintiff's residual functional capacity (RFC) beginning April 19, 2010.

Plaintiff also contends that the ALJ improperly relied on a state consultative evaluator's March 2009 opinion that Plaintiff could perform full-time, light-duty employment as of March 2009. The ALJ rejected the state consultant's opinion for the closed period of disability between October 3, 2008 and April 18, 2010 because it failed to account for Plaintiff's continuing back pain and need for surgery. (Tr. at 26, Page ID 45.) However, the ALJ reasoned that Plaintiff's post-surgery status was consistent with the state consultant's 2009 RFC assessment. (Tr. at 30, Page ID 49.) Plaintiff argues that the ALJ erred in relying on this opinion because it was rendered outside the applicable period. Although the magistrate judge did not address this argument in the R & R, the Court concludes that it does not require reversal. The ALJ rejected the state consultant's RFC assessment for the closed period of disability because it failed to account for Plaintiff's severe pain and need for surgery. Given Plaintiff's improvement in both pain and his physical condition following his

4

back surgery, the ALJ's decision to rely, in part, on the state consultant's prior RFC assessment was supported by substantial evidence.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 3, 2013 (docket no. 13) is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (docket no. 14) is **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.


Dated: January 14, 2014         /s/ Gordon J. Quist
                                GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE